IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| GREGORY ACKERS, | : |
|  Plaintiff, | : |
| v. | :  CIVIL ACTION NO. |
| DONNA BRAZILE, et al., | :  1:17-CV-3083-SCJ |
|  Defendants. | : |

## ORDER

Plaintiff, proceeding *pro se*, filed this action *in forma pauperis*. Magistrate Judge Justin S. Anand granted Plaintiff's request to proceed *in forma pauperis* and the case was submitted to this Court for a frivolity determination pursuant to 28 U.S.C. § 1915(e)(2)(B). For the reasons explained below, the Court dismisses this complaint for lack of subject matter jurisdiction.

I.  **LEGAL STANDARD**

Under 28 U.S.C. § 1915(e)(2)(B), a federal court is required to dismiss an *in forma pauperis* complaint at any time if it determines that the complaint: "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). Additionally, federal courts must dismiss

any action upon determining that subject matter jurisdiction is lacking. Fed. R. Civ. P. 12(h)(3).

The subject matter jurisdiction of federal district courts is defined by Congress and stated in 28 U.S.C. §§ 1331 and 1332. These statutes provide for subject matter jurisdiction over cases involving a "federal question" or where the parties are of diverse citizenship with the amount in controversy exceeding $75,000. 28 U.S.C. §§ 1331, 1332. For a district court to have subject matter jurisdiction in a diversity case, all plaintiffs must be diverse from all defendants. Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 412 (11th Cir. 1999).

The party filing the case in federal court bears the burden of establishing jurisdiction in its initial pleading. Fed. R. Civ. P. 8(a)(1). To successfully allege a person's citizenship, a plaintiff must do more than just state where a defendant resides. Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994) ("Citizenship, not residence, is the key fact that must be alleged in the complaint to establish diversity for a natural person."). A corporation is deemed a citizen of each state it is incorporated in *and* of the state where its principal place of business is located. 28 U.S.C. § 1332(c).

An additional requirement for subject matter jurisdiction is found in Article III of the United States Constitution, which limits the jurisdiction of the

AO 72A
(Rev.8/82)

federal courts to "Cases" and "Controversies." U.S. Const. Art. III, § 2. A minimum requirement for demonstrating that an actual case or controversy exists is to show that a plaintiff has standing to sue. Spokeo, Inc. v. Robins, 136 S. Ct. 1540, 1547 (U.S. 2016) ("Standing to sue is a doctrine rooted in the traditional understanding of a case or controversy."); Lujan v. Def. of Wildlife, 504 U.S. 555, 560 ("[T]he core component of standing is an essential and unchanging part of the case-or-controversy requirement of Article III."). For a plaintiff to establish standing, his injury must be "concrete, particularized, and actual or imminent; fairly traceable to the challenged action; and redressable by a favorable ruling." Clapper v. Amnesty Int'l USA, 568 U.S. 398, 409 (2013) (quoting Monsanto Co. v. Geertson Seed Farms, 561 U.S. 139, 148 (2010)). The injury prong requires the plaintiff to be affected "in a personal and individual way." Lujan, 504 U.S. at 560 n.1. The injury must be more than just a generalized grievance that is "undifferentiated and common to all members of the public." Id. at 575 (internal quotations omitted).

## II.   ANALYSIS

Plaintiff invokes the jurisdiction of this court under 28 U.S.C. § 1332 (Doc. No. [3], p. 2), yet Plaintiff fails to establish diversity of citizenship. For his own citizenship, Plaintiff describes himself as "an American citizen" who "resides in

3

Los Angeles, Ca." Id. For individual Defendants Brazile, Clinton, Palmieri, Podesta, and Schultz, Plaintiff only provides the address of their residence or place of business, but does not allege their citizenship. Id. Pleading a party's residence alone is not enough to establish citizenship.

For corporate Defendants Cable News Network, Democratic National Committee, Time Warner Inc., Turner Broadcasting System, and Turner Services Incorporated, Plaintiff either provides where the corporation is "H.Q.'d" (which this Court assumes to mean headquartered), states that the corporation is "incorporated to do business in" a particular state, or asserts the corporation is "doing business" in a particular state. Id. at 2–3. These allegations are not sufficient to establish citizenship. Because a corporation is a citizen of *both* the state where it is incorporated and where its principal place of business is located, both locations must be described in order for the Court to ascertain that all Defendants are of diverse citizenship from Plaintiff. Additionally, the Court cannot determine if "incorporated to do business in" refers to the corporation's actual state of incorporation or that the corporation is registered with the appropriate state agency to conduct business in the state (which does not make the corporation a citizen of that state.) Plaintiff has not adequately identified the citizenship of the parties and has failed to plead an amount in controversy.

4

Therefore, Plaintiff has not met his burden of establishing diversity jurisdiction.

Even if Plaintiff had adequately established diversity jurisdiction, this case would be dismissed for lack of standing. Plaintiff's claims against Defendants stem from an alleged leak of debate questions for a Democratic Party debate on March 13, 2016. Id. at 3. While Plaintiff describes his version of events and lists several violations of law he believes occurred, Plaintiff has not alleged any actual injury other than that to voters and the American public in general. It is well-established that such a generalized harm does not confer jurisdiction. See, e.g., Lujan, 504 U.S. at 575; Warth v. Seldin, 422 U.S. 490, 499 (1975).

### III.  CONCLUSION

For the foregoing reasons, Plaintiff's complaint (Doc. No. [3]) is hereby **DISMISSED WITHOUT PREJUDICE**. The Court **DIRECTS** the Clerk to close this case.

IT IS SO ORDERED, this 25th day of September, 2017.

_____
HONORABLE STEVE C. JONES
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)