IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| GREGORY ACKERS, | : |
| Plaintiff, | : |
| v. | : |
| | : CIVIL ACTION NO. |
| DONNA BRAZILE, et al., | : 1:17-CV-3083-SCJ |
| Defendants. | : |

## ORDER

This matter is before the Court for consideration of Plaintiff's motion to file an amended complaint. Doc. No. [6]. Plaintiff originally filed this action on August 14, 2017 and sought permission to proceed *in forma pauperis*. The Honorable Justin S. Anand, United States Magistrate Judge, granted Plaintiff's request and submitted the case to this Court for a frivolity review under 28 U.S.C. § 1915. Doc. No. [2]. On September 25, 2017, the Court dismissed Plaintiff's action without prejudice for failure to properly plead the parties' citizenship and for lack of standing. Doc. No. [4]. Plaintiff's complaint lacked a concrete and particularized injury, as it asserted only a generalized grievance to American voters and the public in general. Id. at 5.

AO 72A
(Rev.8/82)

Plaintiff now seeks leave to file an amended complaint in which he will "comply with the Dist. by researching citizenship of Dfts,as [sic] well as re-filing Amended Complaint as a Class-Action lawsuit." Doc. No. [6]. Plaintiff has not attached an amended complaint to his motion. See Doc. No. [6].

Federal Rule of Civil Procedure 15 encourages courts to "freely give leave" to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2). However, when amendment would be futile, a district court may properly deny leave to amend. Foman v. Davis, 371 U.S. 178, 182 (1962); see also Hall v. United Ins. Co. of Am., 367 F.3d 1255, 1262–63 (11th Cir. 2004).

Here, Plaintiff's proposed amendment would be futile. First, without an amended complaint attached to the motion, the Court cannot be certain that diversity jurisdiction exists. The Court recognizes that attaching a proposed amended complaint is best practice and not a requirement. See Mizzaro v. Home Depot, Inc., 544 F.3d 1230, 1255 n.4 (11th Cir. 2008). In Mizzaro, the Eleventh Circuit noted that a motion for leave to amend is sufficient "if the motion itself 'set[s] forth the substance of the proposed amendment.'" Id. (quoting Long v. Satz, 181 F.3d 1275, 1279 (11th Cir. 1999). However, Plaintiff's motion lacks the "substance" of the parties' actual citizenship, and therefore, is not sufficient by itself. By failing to allege the actual citizenship of the parties in either his motion

AO 72A
(Rev.8/82)

or in a proposed amended complaint attached to the motion, Plaintiff has not demonstrated that amending his complaint would cure the defects with regard to subject matter jurisdiction.

Even if after conducting research, Plaintiff could eventually demonstrate diversity of citizenship, amendment would still be futile. Filing this action as a class-action lawsuit will not cure the deficiency in standing. A generalized grievance does not become concrete and particularized because it is pled in the class-action context as opposed to an individual context. Because that is the only "substance" the Plaintiff offers for how amendment would cure the standing issue, the Court finds Plaintiff's proposed amendment futile.

The Court hereby **DENIES** Plaintiff's motion for leave to file an amended complaint. This case remains closed.

**IT IS SO ORDERED**, this 14th day of November, 2017.

_____
HONORABLE STEVE C. JONES
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)